UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC SCHWENK,<br><br>    Petitioner,<br><br>v.<br><br>JIM MCDONALD, et al.,<br><br>    Respondent. | Case No. 5:14-cv-04971-EJD<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO CONDUCT DISCOVERY; SETTING STATUS CONFERENCE**<br><br>Re: Dkt. No. 36 |

On April 27, 2018, the Court denied all of Petitioner's habeas claims except claim 1.A, and ordered an evidentiary hearing as to (1) whether defense counsel failed to convey the 13-year offer made by the prosecution on October 2, 2008; (2) whether Petitioner would have accepted the 13-year offer; and (3) whether the sentencing court would have approved the offer. Dkt. No. 29, p. 27. In preparation for the evidentiary hearing, Petitioner moves for leave to conduct discovery consisting of the depositions of defense counsel and five former prosecutors and three subpoenas duces tecum. Respondent opposes certain items in the requested discovery as lacking good cause and overly broad. If the Court grants Petitioner leave to take certain depositions, Respondent requests leave to take the deposition of Petitioner.

The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The September 20, 2018 hearing is VACATED. For the reasons set forth below, Petitioner's motion for leave to conduct discovery is granted in part and denied in part, and Respondent's request to take the deposition of Petitioner is

granted.

Discovery is available to a habeas petitioner only in the discretion of the court and for good cause shown. See Rule 6 of Rules Governing Section 2254 Cases In The United States District Courts; see also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908–09 (1997), quoting Harris v. Nelson, 394 U.S. 286, 300 (1969).

A.  Depositions

Petitioner has demonstrated good cause for, and Respondent does not object to, the depositions of the following individuals: former Alternate Public Defender (now Public Defender) Marek Reavis ("Reavis"); former District Attorney Paul Gallegos ("Gallegos"); former Deputy District Attorney (now Humboldt County Superior Court Judge) Kelly Neel ("Neel"); former Deputy District Attorney (now Deputy Public Defender) Ben McLaughlin ("McLaughlin"). These deponents are likely to have information relevant to the October 2, 2008 offer. Petitioner is GRANTED leave to take these depositions, and Respondent is GRANTED leave to take the reciprocal deposition of Petitioner.

Petitioner requests leave to take the deposition of former Deputy District Attorney (now Deputy Attorney General) Randy Mailman ("Mailman"). Petitioner seeks to question Mailman about "whether she made the offer of one count (a 3-, 6-, or 8-year term) and whether and how Mr. Reavis responded to it." Motion at 3. The Court rejected Petitioner's claim for habeas relief relating to this alleged offer. Petitioner provides no reason to believe Mailman has any information regarding the October 2, 2008 offer. Petitioner's request to take the deposition of Mailman is therefore DENIED.

Petitioner requests leave to take the deposition of former Deputy District Attorney Elan Firpo ("Firpo"). Petitioner seeks to question Firpo with respect to whether Reavis negotiated with her for a plea after the first jury found him guilty and a new trial was granted. Motion at 3. The Court rejected Petitioner's claim for habeas relief relating to Reavis' alleged failure to negotiate.

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING PART MOTION FOR LEAVE TO CONDUCT DISCOVERY
2

Petitioner fails to identify any information Firpo may have regarding the October 2, 2008 offer. Petitioner's request to take the deposition of Firpo is therefore DENIED.

B.  Subpoenas Duces Tecum

Petitioner seeks leave to serve subpoenas duces tecum on the following custodians of record:  custodian of records of Humboldt County District Attorney; custodian of records of the Alternate Public Defender; and custodian of records of the Humboldt County Jail.

1.  Custodian of Records of Humboldt County District Attorney

Petitioner seeks:   (A) all records of plea bargain offers made by all attorneys employed by said District Attorney to Petitioner and (B) all records of cases in which the Humboldt County Superior Court accepted plea bargains comparable to those offered to Petitioner, including cases of much more aggravated offenses.

Respondent has no objection to the records described in (A).  Good cause appearing, Petitioner's request is GRANTED as to the Humboldt County District Attorney records described in (A).

Respondent objects to the records described in (B) as overly broad, burdensome and ambiguous.  In response, Petitioner agrees to limit category (B) to "documents which show the terms of the bargains" for the cases cited in his Petition, pages 88-89, footnote 36, namely:

> *People v. Waltz*, No. A135838 (defendant pled guilty to one count of violation of section 288, subdivision (a), pursuant to plea bargain which provided for probation);
>
> *People v. Clements*, No. A130239 (defendant pled guilty to rape of a person known to be too intoxicated to consent and was granted probation);
>
> *People v. Muise*, No. A107039 (jury found defendant guilty of assault with intent to commit rape, etc., but could not reach a verdict on charge of forcible sodomy, to which defendant then pled guilty pursuant to plea bargain that his total sentence would not exceed 8 years);
>
> *People v. White*, No. A105721 (23-year-old defendant pled guilty to one count of unlawful sexual intercourse with a 14-year-old girl with whom he had sexual intercourse on "numerous occasions," resulting in her pregnancy, pursuant to plea bargain providing for probation and suspended sentence);
>
> *People v. Tyler*, No. A095575 (defendant pled guilty to 6 counts of sexual

1 and oral intercourse with his 12-year-old daughter over a 2-year period pursuant to a plea bargain whereby he would be granted probation or sentenced to no more than 16 years);

*People v. Felix-Romero* (2009) (defendant with a prior conviction for unlawful intercourse with mother of "Jane Doe" was accused of molesting "Jane Doe" and pled "no contest" to one count with an 8-year sentence);

*People v. Martinez-Hernandez* (2008) (father accused of raping his daughter every day for 6 or 7 years, beginning when she was 5 years old, allowed to plead guilty to one count of continuous sexual abuse with a 16-year sentence);

*People v. Lenard* (2008) (defendant accused of 19 counts of 288(a) allowed to plead guilty to 2 counts with probation);

*People v. Gonsalves* (2007) (defendant accused of 288(a) violations over a 3-year period allowed to plead guilty to one count with a stipulated sentence of 3 years).

Dkt. No. 38, p. 4.

Petitioner's request for plea bargain records from the nine cases listed above is GRANTED. The requested records may be relevant as to whether the Humboldt County Superior Court would have approved the 13-year offer and the discovery is not unduly burdensome or overbroad.

2. Custodian of Records of the Alternate Public Defender

Petitioner seeks two categories of documents from the custodian of records of the Alternate Public Defender: (A) all records made by Reavis of offers by the District Attorney, whether, when, and where he conveyed those offers to Petitioner, what advice he gave to Petitioner with respect to the offers, and whether Petitioner accepted or authorized him to reject them; and (B) all records of the Alternate Public Defender of other clients whom Reavis has advised not to accept offers of plea bargains because of the possibility of SVP proceedings.

Respondent has no objection to records regarding Petitioner. Good cause appearing, Petitioner's request as to the Alternate Public Defender records described in (A) is GRANTED.

Respondent objects to the records described in (B) as overly broad and burdensome, and potentially violating attorney-client privilege and the privacy rights of other clients. The Court agrees. Furthermore, Petitioner may obtain the information sought by deposing Reavis.

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING PART MOTION FOR LEAVE TO CONDUCT DISCOVERY

4

Moreover, the records described in (B) are not likely to demonstrate that Petitioner is entitled to habeas relief because Petitioner has already stated in a supplemental declaration that Reavis "never advised me that I should not take any offer which would involve a prison sentence because, if I went to prison, I would be recommitted for life as a Sexually Violent Predator," and that Reavis advised him he "probably would not be committed as an SVP." Pet. at Supp. Schwenk Dec. at 2; see also Pet. at Ex. F. Petitioner's request is accordingly DENIED as to the Alternate Public Defender records described in (B).

### 3. Custodian of Records of the Humboldt County Jail

Petitioner seeks log books of attorney visitors to the county jail, showing dates on which Reavis visited Petitioner in the jail. Respondent contends that the request is overbroad and beyond the scope of the evidentiary hearing. Respondent proposes limiting the document request to a date range from October 1, 2008, when Petitioner was appointed counsel, until October 31, 2008, over two weeks after the date of the offer's expiration. Respondent also requests that the subpoena include records of all visits to Petitioner because Respondent has reason to believe that the mother of the victim was also visiting Petitioner in jail and reassured Petitioner that he would prevail at trial.

The date range proposed by Respondent—October 1, 2008 through October 31, 2008—should be sufficient to establish whether Reavis visited Petitioner in the jail and had an opportunity to advise his regarding the 13-year offer. Accordingly, the Court GRANTS Petitioner's request for records from the Humboldt County Jail limited to the date range of October 1, 2008 through October 31, 2008. The Court also GRANTs Respondent's request for records of all visits to Petitioner from October 1, 2008 through October 31, 2008.

### 4. Reavis' Personal Calendars for 2008 and 2009

Lastly, Petitioner requests permission to subpoena Reavis' personal calendars for the years during which offers were made to determine whether Reavis recorded any visits to Petitioner in the jail during the relevant times. Dkt. No. 38, p. 5. The request is DENIED. The visitor log books for Humboldt County Jail are sufficient to show whether Reavis visited Petitioner during

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING PART MOTION FOR LEAVE TO CONDUCT DISCOVERY
5

the relevant time frame.

No later than October 5, 2018, Petitioner shall file and serve a proposed budget for the cost of travel, accommodation and services of court reporters for the authorized depositions. The Court will conduct a status conference on November 29, 2018 at 10:00 a.m. The parties shall file a joint status conference statement no later than November 19, 2018.

**IT IS SO ORDERED.**

Dated: September 17, 2018

EDWARD J. DAVILA
United States District Judge