United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC SCHWENK,<br><br>    Petitioner,<br><br>v.<br><br>JIM MCDONALD, et al.,<br><br>    Respondent. | Case No. 5:14-cv-04971-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND SCOPE OF EVIDENTIARY HEARING; SETTING EVIDENTIARY HEARING**<br><br>Re: Dkt. No. 49 |

I. INTRODUCTION

Presently before the court is Petitioner Eric Schwenk's motion to expand the scope of the evidentiary hearing to include additional evidence of defense counsel's alleged failure to communicate plea offers to Petitioner. The motion is scheduled for hearing on February 14, 2019. The court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing and the case management conference scheduled for February 14, 2019 are VACATED. For the reasons set forth below, Petitioner's motion will be granted in part.

II. BACKGROUND

Petitioner Eric Schwenk ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. §2254 challenging his state conviction. By order dated April 27, 2018, the court granted in part Petitioner's motion for an evidentiary hearing as to Claim 1.A and ordered an evidentiary hearing limited to: whether defense counsel failed to convey the 13-year offer made by the prosecution on October 2, 2008; whether Petitioner would have accepted the 13-year offer; and

whether the sentencing court would have approved the offer. Petitioner had presented evidence of other offers for potential terms of 3 to 16 years which defense counsel also allegedly failed to convey. The court, however, held that the state appellate court could have reasonably determined that these offers were too indefinite to constitute "formal" offers warranting habeas relief. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) (duty of defense counsel to convey plea offers is limited to "formal offers from the prosecution"). Thereafter Petitioner sought leave to conduct limited discovery, which the court granted. Dkt. No. 40.

In light of newly discovered evidence, Petitioner now moves to expand the scope of the evidentiary hearing to include the alleged failure of former Conflict Counsel (now Public Defender) Marek Reavis to communicate and give sound advice to Petitioner regarding whether or not to accept the District Attorney's offers of (1) October 9, 2008; (2) January 15, 2009; (3) March 19, 2009; (4) April 9-16, 2009; and (5) September 10, 2009. Petitioner's Motion, pp. 2-3. Respondent opposes the motion, asserting that the court previously considered and rejected Petitioner's claims as to the offers made on January 15, March 19 and September 10, 2009, and that the remaining alleged offers are too indefinite to constitute "formal offers" from the prosecution.

III. STANDARDS

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A defendant must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id*. at 689. "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.

When reviewing a claim of ineffective assistance of counsel, the federal court must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 13 (2013). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011). Where, as in the instant case, the state court summarily denies an ineffective assistance of counsel claim without providing a written analysis, the habeas court "must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This applies to both prongs of an ineffective assistance claim. *See Premo*, 562 U.S. at 123 (where state court did not specify whether denial was based on performance or prejudice prongs or both, "[t]o overcome the limitation imposed by § 2254(d), the Court of Appeals had to conclude that both findings would have involved an unreasonable application of clearly established federal law").

The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). "[T]he fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations." *Id*. at 146. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Id*. at 147. "Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND SCOPE OF EVIDENTIARY HEARING

3

canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." It is also necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *See id.*

IV. DISCUSSION

The court previously considered Petitioner's ineffective assistance of counsel claim as to the offers made on January 15, March 19 and September 10, 2009 and rejected them as a basis for habeas relief. Dkt. No. 29, pp. 8-9 ("Order Granting In Part Motion For Evidentiary Hearing As To Portion Of Claim 1; Denying Claims 2 Through 7 Of Petition For Writ Of Habeas Corpus" at pp. 8-9). Petitioner's original evidence of the January 15, 2009 offer was a handwritten note indicating "offer of Ct. I plus prior." Dkt. No. 28, p. 37 (Petitioner's Writ of Habeas Corpus, Ex. Q). Petitioner's new evidence consists of an email from the prosecution to defense counsel indicating that the January 15, 2009 offer was for Petitioner "to plead guilty to Count I, II or III with the prior open." Dkt. No. 49-1, pp. 3 (Ex. A), 47 (Ex. W). According to Petitioner's calculations, this means that the prosecution was offering a possible sentence of 3 to 8 years plus 5 years for the enhancement (or a minimum of 8 years and a maximum of 13). Petitioner's original evidence of the March 19, 2009 was a handwritten note which states "Ct. I plus prior again on 3/19/2009." Dkt. No. 28, p. 37 (Petitioner's Writ of Habeas Corpus, Ex. Q). Petitioner's new evidence is a handwritten note from the prosecutor's file stating "Offer=1 + prior, open." Dkt. No. 49-1, p. 47 (Ex. W). Petitioner construes these notes as offers for a minimum of 8 years and a maximum of 13 years. Petitioner's original evidence of the September 10, 2009 offer was an email in which the prosecution states: "a thought I had was for your client to agree to the aggravated sentence . . . with his prior, OTB." Dkt. No. 28, p. 40 (Petitioner's Writ of Habeas Corpus, Ex. S). Petitioner's new evidence is an email from defense counsel to the prosecution which indicates that defense counsel understood the prosecution's offer to be "a total of 13 years." Dkt. No. 49-1, p. 17 (Ex. A).

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND SCOPE OF EVIDENTIARY HEARING

4

The court has reviewed these three offers again in light of the totality of new evidence presented by Petitioner. In doing so, the court has applied the "doubly deferential" standard of review that gives both the state court and the defense attorney benefit of the doubt. *Burt v. Titlow*, 571 U.S. 12, 13 (2013). Under this "doubly deferential" standard, the court concludes again that the state appellate court could have reasonably determined that the offers were not "formal" offers. More specifically, the state appellate court could have reasonably determined that the formal offer discussed in *Missouri v. Frye* is distinguishable from the January 15, March 19 and September 10, 2009 offers. In *Missouri v. Frye*, the prosecutor sent a letter to Frye's counsel offering a choice of two plea bargains. *Missouri v. Frye*, 566 U.S. at 138. The prosecutor offered to recommend a 3-year sentence if Frye pled guilty to the felony charge of driving with a revoked license, without a recommendation regarding probation, but with a recommendation that Frye serve 10 days in jail as so-called "shock" time. *Id*. The second offer was to recommend a 90-day sentence if Frye pled guilty to the misdemeanor charge of driving with a revoked license. *Id*. at 139. The misdemeanor charge of driving with a revoked license carried a maximum term of imprisonment of one year. The prosecutor's letter specified an expiration date for the offers. Frye's attorney did not advise Frye that the offers had been made and the offer expired. The Supreme Court found that the prosecutor's letter conveyed a formal offer and remanded the case to consider whether Frye was prejudiced by counsel's conduct. *Id.* at 147, 150.

Here, the state appellate court could have reasonably concluded that the prosecution's handwritten notes and the emails did not clearly memorialize the "terms" and "processing" of the offers. In *Frye*, the letter itself contained the terms of the offer, whereas the handwritten notes in this case are only circumstantial evidence that the prosecution conveyed an offer to Petitioner. Furthermore, the handwritten notes and emails suggested a possible range within which Petitioner could be sentenced. As such, the handwritten notes and emails were indefinite as to the choice of term within the range of three, six, or eight years, which Petitioner readily acknowledges. The handwritten notes and emails also left unanswered whether the prosecution intended to make any

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND SCOPE OF EVIDENTIARY HEARING

5

recommendations to the sentencing judge. Therefore, Petitioner's request to expand the evidentiary hearing to include the alleged offers made on January 15, March 19 and September 10, 2009 is denied.

The discovery Petitioner recently obtained includes evidence of the remaining two potential offers, one dated October 9, 2008, and another from the period April 9-16, 2009. Evidence of the October 9, 2008 offer consists of a handwritten note from the prosecutor's files which appears to state, "possible midterm + prior." Dkt. No. 49-1, p, 36 (Ex. A). Like the previously discussed offers, this October 9, 2008 offer is too indefinite to constitute a "formal" offer because it is only a "possible" offer.

The final offer is set forth in an email dated April 9, 2009 from the prosecution to defense counsel, which states in pertinent part:

> Our previous offer to resolve this case for Mr. Schwenck [sic] was to plead to Count I and admit the prior conviction. I understand that you have rejected that offer. I wanted to convey to you that I hope that your client will accept the offer on 4/16/09. If not, I believe the only reasonable thing to do is to ask to have the matter set for trial.
>
> \* \* \*
>
> PC 288(a)(1) is a 3,6, 8 year sentence scheme. I calculate that as a possible maximum sentence of 12 years without the strike which is 24 years doubled. The current offer exposes him to a maximum of 16 years. I will entertain discussion about agreeing to a midterm cap with the strike for a maximum possible sentence of 12 years. However, I cannot say that I would accept it.

Dkt. No. 49-1, p. 5 (Ex. A). The court finds that the April 9, 2009 offer is sufficiently formal to potentially warrant habeas relief. Unlike the offers previously discussed, the email confirms that an offer was communicated. The email also clearly documents the offer "terms and its processing." *Frye*, 566 U.S. at 146. The April 9, 2009 email clearly states that the offer of Count I plus the prior would expose Petitioner to a maximum of 16 years. The prosecution also clearly states that the offer is open until April 16, 2009. Accordingly, the Petitioner may present evidence and argument at the evidentiary hearing as to whether the alleged failure to communicate the April

9, 2009 offer deprived Petitioner of effective assistance of counsel.

## V. CONCLUSION

For the reasons set forth above, Petitioner's motion to expand the scope of the evidentiary hearing is GRANTED as to the April 9, 2009 offer, and DENIED in all other respects. The evidentiary hearing will be held on Friday, April 26, 2019 at 1:00 p.m.

**IT IS SO ORDERED.**

Dated: February 7, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-04971-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND SCOPE OF EVIDENTIARY HEARING

7